Kyle L. Dickson
Southern District Bar No. 13441
State Bar No. 05841310
MURRAY | LOBB, PLLC
2200 Space Park Drive, Ste. 350
Houston, Texas 77058
Tel: (281) 488-0630
Fax: (281) 488-2039
Email: *kdickson@murray-lobb.com*
**ATTORNEYS FOR TEXAS FIRST BANK**

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 25-40909** |
| | § | |
| | § | |
| **NATUROMULCH, LLC** | § | **CHAPTER 11** |
| *Debtor* | § | |
| | § | |
| | § | **JUDGE BRENDA T. RHOADES** |

**OBJECTION TO THE CONFIRMATION OF DEBTOR'S
PLAN OF REORGANIZATION [DK#27]**

TO THE HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, TEXAS FIRST BANK ("TFB" or "Movant"), a secured creditor and party in interest, and files this Objection to the Confirmation of Debtor's Plan of Reorganization (the "Objection") against NATUROMULCH, LLC ("Debtor").

### I. BACKGROUND INFORMATION

1.  On March 31, 2025 ("Petition Date"), Debtor filed its voluntary petition initiating a bankruptcy case under Chapter 13 of Title 11 of the US Code (the "Bankruptcy Case") in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division.

2.  The Debtor executed a note dated on or about February 5, 2016, in the original principal amount of TWO HUNDRED THIRTY-EIGHT THOUSAND AND NO/100 DOLLARS ($238,000.00) ("Note"). The interest rate of the Note initially was Six (6) Percent (6.00%) per annum based on a year of 360 days. The interest rate was to be adjusted during the life of the Note.

3. Debtor was to pay monthly principal and interest payments of $1,863.78 beginning on March 5, 2016, and the Note was to be paid by May 5, 2033, unless demand was made sooner. As of the Petition Date the monthly payments were $2,363.51 and the interest rate was 9.5%.

4. The Debtor also executed a Deed of Trust, Security Agreement and Assignment of Rents ("Deed of Trust") on February 5, 2016, for the benefit of Movant to secure the Note covering certain real properties located in Dallas County, Texas, and recorded under Dallas County Clerk's Receipt No. 201600037622. The real property is legally described as follows:

> BLK B PT LTS 1-4 ACS 0.28, Grand Prairie, Dallas County, Texas, also known as 602 E. Davis Street, Grand Prairie, Texas 775050 (Property ID: 280605000020010200) ("Property")

5. Prior to the Petition Date, the Debtor defaulted under the terms of the Note by failing to make the principal and interest payments.

6. Prior to the filing of the petition(s), the Debtor was indebted to Movant according to the terms and conditions of the above-described Note. Debtor breached the terms of the Note and furthermore failed to make the required payments. The outstanding balance the Note as of the Petition Date is as follows:

| | |
|---|---|
| Unpaid principal: | $ 154,016.83 |
| Pre-Petition Interest: | $3,414.04 |
| Late Fees: | $0.00 |
| Total due and owing: | $157,430.87 |
| Total Pre-Petition Amount Past Due: | $157,430.87 |
| Daily Interest Accrual: | $40.64 |
| Monthly Payment: | $2,363.51 |

7. After the Petition Date, Movant discovered that the Debtor **transferred the Property** without Movant's knowledge or permission from this Court to a personal trust, The Otgoyal Family Revocable Living Trust. The Property is listed as an asset of the Debtor on its Petition. *See* Schedule A/B: Assets – Real and Personal Property, pg. 13, ¶ 55.1. This conduct by the Debtor and its owners is unfathomable.

## II. OBJECTION TO PLAN OF REORGANIZATION

8. The Debtor's Plan of Reorganization ("Plan") has TFB listed as an impaired secured creditor as follows:

Class 7. Oversecured Real Estate Creditor With SBA Guaranty (impaired) Texas First Bank's claim or $154,016 secured by real estate valued at $154,016 and has an SBA guaranty backing shall be paid at 7% fixed rate (changed from a variable rate) at $1,801.70 per month until paid in full in 120 months for a total of $214,459.39. This debt has to be restructured to improve the Debtor's cash flow for survival and benefit to the entire estate.

9. The Plan proposed to reduce the interest rate and extend the terms of the loan. TFB objects to the Debtor's Plan.

10. The Debtor's Plan proposes to modify the secured note by reducing the interest rate to 7% and extending repayment over 120 months. This fails to provide the present value of the TFB's secured claim, as the proposed rate is below the *Till* formula rate. The Debtor's projections also lack evidence of sufficient cash flow to make these payments, rendering the plan unfeasible.

11. TFB objects since the modification of its Notes appears to be an attempt to abuse the bankruptcy process, modifying the Note to evade obligations without a legitimate reorganization purpose.

12. Debtor's Plan is not feasible; it is unlikely to succeed. The Debtor cannot meet the proposed obligations 11 U.S.C. § 1129(a)(11). The Debtor lacks sufficient cash flow or revenue projections to make plan payments.

13. A cramdown is inappropriate. The Plan does not provide that TFB receives deferred payments with a value, as of the Plan's effective date, at least equal to the allowed amount of their secured claim per 11 U.S.C. § 1129(b)(2)(A)(i)(II).

14. The Plan should not be confirmed. Debtor's Plan must be proposed in good faith and must be feasible. The actions of the Debtor and the financial condition of the Debtor are

unknown. The Debtor has failed to provide any evidence that it is capable of meeting the proposed financial obligations.

15. The proposed Plan also fails to cure the pre-petition defaults.

## CONCLUSION

WHEREFORE, TFB prays that this Court DENY the confirmation of the Plan and grant Movant such other and further relief to which it is entitled.

DATED: August 1, 2025

          MURRAY | LOBB, PLLC

          By: /s/Kyle Dickson
          Kyle L. Dickson
          Southern District Bar No. 13441
          State Bar No. 05841310
          2200 Space Park Drive, Ste. 350
          Houston, Texas 77058
          Tel: (281) 488-0630
          Fax: (281) 488-2039
          Email: *kdickson@murray-lobb.com*

          **ATTORNEYS FOR TEXAS FIRST BANK**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Objection to the Confirmation of Debtor's Plan of Reorganization was served on the Debtor, Debtor's attorney, the Trustee and all parties requesting notice, as identified on the Court's ECF system and docket as of August 1, 2025, any co-debtors under 11 U.S.C. § 1301, and any parties who are identified as a party against whom relief is sought in the Motion as listed below by electronic mail or by prepaid United States first class mail.

I further certify that I have otherwise complied with the Local Rules of the United States Bankruptcy Court for the Eastern District of Texas, LBR 4001-1(b) and 9013(f) and FED. R. BANKR. P. 7004(b)

/s/ Kyle Dickson
Kyle L. Dickson

*Debtor*
Naturomulch, LLC
P.O. Box 1902
Coppell, TX 75019

*Attorney for Debtor*
Daniel C. Durand, III
522 Edmonds, Ste. 101
Lewisville, TX 75067
Bankruptcy@durandlaw.com

*US Trustee*
Office of the US Trustee
110 N. College Ave. Suite 300
Tyler, TX 75702

*Chapter 11 Trustee*
Scott Seidel
6505 West Park Boulevard, Ste. 306
Plano, TX 75093