UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| NATUROMULCH, LLC, | § § § | Case No. 25-40909 |
| Debtor. | § § § § | |

**OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN**

The Huntington National Bank ("Huntington"), by and through counsel, objects to the confirmation of Naturomulch, LLC's (the "Debtor") Chapter 11 Plan (the "Objection") and rejects the Plan as written. In support of the Objection, Huntington states as follows:

1. On March 31, 2025, the Debtor filed a voluntary petition for relief under Chapter 11 to commence the above-referenced case.

2. Huntington filed four proofs of claim:

    a. Claim No. 10-1, on May 14, 2025 in the amount of $9,953.66 secured by a first priority security interest in one (1) Ammann ARX16 35.4" Tandem Smooth Drum Diesel Ride-On Roller (the "Roller"); amended by Claim 10-2 on July 28, 2025 to reduce the value of the property from $11,806.62 to $7,590.00 ("Claim No. 10").

    b. Claim No. 11-1, on May 21, 2025 in the amount of $35,248.85 secured by a first priority security interest in one (1) Texas Pride Trailers 8'x20' Gooseneck Roll Off Trailer, 2022 including Elictric Tarp, Wireless Remote and Spare Tire, one (1) 8'x22' Flatbed Attachment, and one (1) 30YD Roll-Off Container (the Trailer Collateral"); amended by Claim No. 11-2 on July 28, 2025 to increase the value of the property from $12,200.00 to $26,800.00 ("Claim No. 11").

    c. Claim No. 12-1, on May 21, 2025 in the amount of $8,744.20 secured by a first priority security interest in one (1) 20' 30YD Container (the "Container"); amended by Claim No. 12-2 on July 28, 2025 to increase the value of the property from $4,400.00 to $4,840.00 ("Claim No. 12").

    d. Claim No. 13-1 on May 21, 2025 in the amount of $41,761.95 secured by a

1

first priority security interest in one (1) Volvo VNL64 Tractor Truck, 2016 (the "Truck" and together with the Roller, the Trailer Collateral, and the Container, the "Collateral"); amended by Claim No. 13-2 on July 28, 2025 to increase the value of the property from $12,400.00 to $20,300.00 ("Claim No. 13").

3. The Debtor filed its Chapter 11 Plan on June 30, 2025 (D.E. 27; the "Plan").

4. Article XIX of the Plan provides for Huntington's claims in Class 4: "Huntington has a claim for $95,706 and shall be paid the value of its collateral at $38,953 at 6% interest for 60 months . . . ."

5. This treatment attempts to bundle Huntington's four claims and reduce the value of the secured portions from a collective sum of $95,706.00 to $38,953.00.

6. According to Claim 10, Claim 11, Claim 12, and Claim 13, the values of the secured portions of each claim are $7,590.00, $26,800.00, $4,840.00, $20,300.00 for a collective sum of $59,530.00.

## OBJECTIONS TO THE PLAN

7. The Plan cannot be confirmed as written because the Plan impermissibly groups together four separate claims held by Huntington into one claim and because the Plan impermissibly reduces the value of secured portions of Huntington's claims to values not consistent with the replacement value of the Collateral.

**I. THE PLAN IMPERMISSIBLY GROUPS TOGETHER FOUR SEPARATE CLAIMS**

8. 11 U.S.C. § 1122 permits a Debtor to "place a claim or an interest in a particular class" if "such claim or interest is substantially similar to the other claims or interest of such class." 11 U.S.C. § 1123 requires a plan, *inter alia*, to designate classes of claims. The Code requires the Debtor group claims into classes, where applicable, not group claims held by the same creditor together.

2

9. As a practical matter, Huntington cannot manage the claims as a group. Each claim represents a separate loan given by Huntington. The Plan need reflect each of Huntington's claims separately, as provided for in each proof of claim.

**II.    THE PLAN IMPERMISSIBLY REDUCES THE VALUE OF THE SECURED PORTION OF HUNTINGTON'S CLAIMS TO VALUES THAT ARE NOT REFLECTIVE OF THE VALUE OF THE COLLATERAL AND INCONSISTENT WITH 11 U.S.C. § 506.**

10. 11 U.S.C. § 506(a) provides, in relevant part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11. Upon information and belief, based upon Huntington's internal model used for calculating depreciation of its collateral and by listings located on several publicly available websites, the replacement cost of the Collateral is as follows:

   a. The Roller - $7,590.00
   b. The Trailer Collateral - $26,800.00
   c. The Container - $4,840.00
   d. The Truck - $20,300.00

**III.   THE PLAN CANNOT BE "CRAMMED DOWN" BECAUSE HUNTINGTON'S TREATMENT IS NOT FAIR AND EQUITABLE**

12. The "cram down" provision in § 1129(b), provides that if all of the applicable requirements of § 1129(a) except paragraph (8) are met with respect to a plan, the court, upon request by the proponent of the plan shall confirm the plan notwithstanding the requirements of § 1129(a)(8) if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan. Because

3

Huntington is a rejecting creditor, the Plan is out of compliance with 11 U.S.C. § 1129(a)(8). As such, in order to confirm, the Court must find the plan "fair and equitable" under § 1129(b)(1).

13. Here, the Plan discriminates unfairly. The Plan proposes that each other undersecured creditor in Class 4 is paid the value of their Collateral represented in their proofs of claim. For example, U.S. Bank is the holder of Claim No. 7-1. Claim No. 7-1 provides that the secured portion of the claim is $201,709.00. Debtor has provided treatment to U.S. Bank that reflects the value of the secured portion of Claim No. 7-1. Likewise, the U.S. Small Business Administration is the holder of Claim No. 9-1. Claim No 9-1 provides that the secured portion of the claim is $71,102.00. Debtor has provided treatment to U.S. Bank that reflects the value of the secured portion of Claim 9-1.

14. Because the treatment of Huntington's claims discriminate unfairly compared to the treatment of the other Class 4 creditors, the Court should find that the Plan is not fair and equitable within the meaning of § 1129(b)(1).

15. Based on the foregoing, the Court should deny confirmation of the Plan. The Plan, as proposed, does not comport with 11 U.S.C. §§ 1122 or 1123 the proposed bifurcation of the Claim is not in compliance with the requirements of 11 U.S.C. § 506 and is otherwise not fair and equitable under § 1129(b)(1).

Wherefore, Huntington prays for the Court to deny confirmation of the Plan and grant such other and further relief as the Court deems just and proper.

This 1st day of August, 2025.

                Respectfully submitted,

                WOMBLE BOND DICKINSON (US) LLP

By:   */s/ Michael E. Clark*
      Michael E. Clark
      Texas State Bar No. 04293200
      717 Texas Ave., Suite 2100
      Houston, TX 77002
      Telephone: (346) 998-7807
      Facsimile: (346) 998-5901
      Email: Michael.Clark@wbd-us.com

*Attorneys for The Huntington National Bank*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that he is over eighteen (18) years of age and that a copy of the

## OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN

was this day served upon the below-named persons, parties, and/or counsel by depositing a copy thereof in the United States Mail, First Class, postage prepaid, to the addresses shown below, or by CM/ECF:

>Naturomulch, LLC
>P.O. Box 1902
>Coppell, TX 75019
>*Debtor*
>
>Daniel C. Durand
>Attorneys for Debtor
>*Via CM/ECF*
>
>Scott Seidel
>6505 West Park Boulevard, Suite 306
>Plano, TX 75093
>Subchapter V Trustee
>*Via CM/ECF*
>
>John M. Vardeman
>Office of the United States Trustee
>*Via CM/ECF*

This this 1st day of August, 2025.

>Respectfully submitted,
>
>WOMBLE BOND DICKINSON (US) LLP
>
>By: */s/ Michael E. Clark*
>Michael E. Clark
>Texas State Bar No. 04293200
>717 Texas Ave., Suite 2100
>Houston, TX 77002
>Telephone: (346) 998-7807
>Facsimile: (346) 998-5901
>Email: Michael.Clark@wbd-us.com
>*Attorneys for The Huntington National Bank*