IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| NATUROMULCH, LLC, | § | CASE NO. 25-40909 |
| | § | |
| DEBTOR. | § | Chapter 11 |

### U.S. BANK, NATIONAL ASSOCIATION D/B/A U.S. BANK EQUIPMENT FINANCE'S OBJECTION TO DEBTORS' PLAN OF REORGANIZATION DATED JUNE 30, 2025

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES U.S. Bank, National Association d/b/a U.S. Bank Equipment Finance ("U.S. Bank"), and files this its Objection to Debtors' Plan of Reorganization Dated June 30, 2025 [Doc. # 27] (the "Objection"), and in support thereof would respectfully show the Court the following:

## I.
### BACKGROUND

*A. The 1558 Agreement*

1. On November 8, 2021, Naturomulch, LLC (the "Debtor") executed an Equipment Finance Agreement (the "1558 Agreement"), whereby U.S. Bank financed Debtor's purchase of the following equipment (the "1558 Equipment") for use in its business:

> ONE (1) ROTOCHOPPER MC266 HORIZONTAL GRINDER WITH STEEL SLAT INFEED CONVEYOR, WIRELESS REMOTE CONTROL SYSTEM, GRINDING CHAMBER WATER INJECTION DUST CONTROL SYSTEM, UNDER-ROTOR COLLECTION AND TRANSFER CONVEYOR, FOLDING TRUCK LOADING DISCHARGE CONVEYOR WITH MAGNETIC HEAD PULLEY, DIGITAL CONTROL SYSTEM WITH ADVANCED MONITORING AND DIAGNOSTICS, ONE (1) AIR COMPRESSOR WITH 12.5 HP ENGINE AND HOSE REEL, ONE (1) COLOR READY COLORIZER, ONE (1) 18" CROSS-BELT MAGNETIC CONVEYOR, ONE (1) SKID MOUNTED PATENTED POWER APPLICATION SYSTEM (PAS)

Pursuant to the terms of the 1558 Agreement, Debtor was obligated to pay eighty-four (84) consecutive monthly installments of $6,492.48 until the total financed amount was paid in full. A true and correct copy of the 1558 Agreement is attached hereto as Exhibit "A" and incorporated herein by reference.

2. According to paragraph 3 of the 1558 Agreement, Debtor granted a security interest in the Equipment. The security interest was properly perfected by U.S. Bank filing a UCC-1 Financing Statement with the Texas Secretary of State. A true and correct copy of the UCC-1 Financing Statement is attached hereto as Exhibit "B" and incorporated herein by reference for all purposes.

3. Prior to the Petition Date, Debtor failed to timely tender payments to U.S. Bank and committed a material default under the 1558 Agreement. As of the Petition Date, Debtor was in pre-petition contractual arrears in the amount of $24,897.71. Further, after consideration of all offsets, credits, and payments, the total amount due under the 1558 Agreement as of the Petition Date is $376,394.51.

B. The 2983 Agreement

4. On October 5, 2022, Debtor executed an Equipment Finance Agreement (the "2983 Agreement"), whereby U.S. Bank financed Debtor's purchase of the following equipment (the "2983 Equipment") for use in its business:

ONE (1) ROTOCHOPPER GOBAGGER250 BAGGING MACHINE WITH V-CLEAT HOPPER CONVEYOR WITH HIGH TORQUE 45 CUBIC INCH MOTOR (16" WIDE), 24" IMPULSE SEALER WITH FOOT PEDAL CONTROL AND EASY GLIDE BAG TRANSFER CONVEYOR (16" WIDE), HYDRAULIC PRESSURE CONTROLLED BAGGING HEAD WITH FOOT PEDAL CONTROL, AND DIGITAL CONTROL SYSTEM FOR FINE TUNING AND SAVING BAG FILLING SETTINGS

Pursuant to the terms of the 2983 Agreement, Debtor was obligated to pay eighty-four (84) consecutive monthly installments of $817.77 until the total financed amount was paid in full. A true and correct copy of the 2983 Agreement is attached hereto as Exhibit "C" and incorporated herein by reference.

5. According to paragraph 3 of the 2983 Agreement, Debtor granted a security interest in the 2983 Equipment. The security interest was properly perfected by U.S. Bank filing a UCC-1 Financing Statement with the Texas Secretary of State. A true and correct copy of the UCC-1

Financing Statement is attached hereto as Exhibit "D" and incorporated herein by reference for all purposes.

6. Prior to the Petition Date, Debtor failed to timely tender payments to U.S. Bank and committed a material default under the 2983 Agreement. As of the Petition Date, Debtor was in pre-petition contractual arrears in the amount of $1,820.06. Further, after consideration of all offsets, credits, and payments, the total amount due under the 2983 Agreement as of the Petition Date is $47,321.56.

7. In addition to the foregoing, the 2983 Equipment is subject to continued and rapid depreciation with continued use by the Debtor. Debtor continues to use the 2983 Equipment in its business operations, but no arrangements have been made to adequately protect U.S. Bank prior to confirmation. Moreover, Debtor has sold substantially all of its assets, except for the 2983 Equipment.

8. Movant estimates that the aggregate fair market value of the 1558 Equipment and 2983 Equipment (collectively, the "Equipment") is $201,709.00. Per the 1558 Agreement and 2983 Agreement (collectively, the "Agreements"), Debtor is required to maintain valid and continuous insurance coverage as to the Equipment. However, it is unclear at this time whether Debtor has valid and effective insurance coverage that lists Movant as a loss payee on the Equipment.

*C. The Bankruptcy*

9. On or about March 31, 2025 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the United States Code, Sections 101 *et seq*., as amended (the "Bankruptcy Code").

10. On May 6, 2025, U.S. Bank filed Proof of Claim 7-1 (the "Proof of Claim"), asserting a claim against Debtor in the amount of $423,716.07 secured by Equipment, which is valued at $201,709.00.

11. On July 16, 2025, U.S. Bank filed its Motion for Relief from Automatic Stay Regarding Equipment [Doc. # 33] (the "Motion for Relief from Stay". No objection or response was filed, so U.S. Bank filed its Certificate of Notice of No Objections on Motion for Relief from Automatic Stay Regarding Equipment [Doc. # 35] on July 30, 2025.

12. On June 30, 2025, Debtor filed its Debtors' Plan of Reorganization Dated June 30, 2025 [Doc. # 27] (the "Plan"). The Plan states that U.S. Bank shall have an allowed claim in the amount of $423,716.07 paid at the value of the collateral in the amount of $201,709.00 through sixty (60) monthly payments in the amount of $3,899.60 at 6.00% interest per annum.

## II.
### OBJECTION

*A. The Plan Should Not Include the Equipment*

13. U.S. Bank objects to the Plan to the extent it seeks to impose the automatic stay as to the Equipment. No objection or response was filed to the Motion for Relief from Stay, and U.S. Bank expects that an order granting the Motion for Relief from Stay will be filed. U.S. Bank has not agreed to include the Equipment in the Debtor's Plan.

14. U.S. Bank further objects to the extent that U.S. Bank should have an allowed unsecured deficiency for any balance remaining, if any, following the repossession and anticipated sale of the Equipment. U.S. Bank will have a potential claim for any deficiency amount after the sale of the Equipment, which should be accounted for in the Plan. Further, the Plan should permit a procedure by which amended proofs of claim may be filed and paid on such unsecured claims. Currently, the Plan does not include any such procedure.

*A. U.S. Bank Objects to the Proposed Interest Rate*

15. While U.S. Bank objects to the inclusion of the Equipment in the Plan, U.S. Bank objects to the treatment of its secured claim in an abundance of caution. The interest rate accruing on U.S. Bank's claim should be no less than the prime rate specified by the Wall Street Journal at the time the Plan is confirmed plus a risk factor. *See In re Texas Grand Prairie Hotel Realty, L.L.C.*, 710 F.3d 324, 332 (5th Cir. 2013) (stating under the *Till* plurality's formula method, a bankruptcy court should begin its cramdown rate analysis with the national prime rate and then add a supplemental risk adjustment). A bankruptcy court has discretion in determining the specific cramdown interest methodology in Chapter 11 cases. *See, e.g., In re LMR, LLC d/b/a Baymont Inn & Suits Austin South¸*496 B.R. 410, 428 (Bankr. W.D. Tex. 2013).

16. Here, the risks associated with payment by Debtor in this specific case mandate an expressly disclosed higher interest rate in the Plan greater than the proposed 6.00%. The Debtor' proposed rate is lower than the current prime rate and does not account for ***any*** risk factor as part of the proposed payment amount. Binding case law from the Fifth Circuit recognizes an appropriate cramdown interest rate should account for present value of a claim that accounts for the specific level of risk. *See, e.g., In re LMR, LLC d/b/a Baymont Inn & Suits Austin South¸*496 B.R. 410, 427-28 (Bankr. W.D. Tex. 2013) (noting that the Fifth Circuit in the *Texas Grand Prairie* determined the *Till* interest cramdown rate has become the "default rule" in Chapter 11 bankruptcies and that the "vast majority" of bankruptcy courts follow *Till* in determining a cramdown interest rate in Chapter 11); *In re Texas Grand Prairie Hotel Realty, L.L.C.*, 710 F.3d at 332; *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004). For these reasons, the Plan should include a cramdown interest rate for U.S. Bank's claim that account for the prime interest rate plus a risk factor instead of utilizing the pre-bankruptcy contract interest rate as the cramdown rate.

17. Currently, the prime interest rate is 7.50%[1] U.S. Bank requests that the interest rate accruing on the Allowed Secured Claims be modified in the proposed Plan to 7.50% plus a risk factor of 1.50%, for a total interest rate of 9.00% over the duration of the Plan. The current proposed interest rates are far below even the base prime interest rate and are insufficient to adequately protect U.S. Bank's secured interest in the Equipment throughout the duration of the Plan.

## III.
### PRAYER

WHEREFORE, U.S. Bank respectfully prays:

1. That confirmation of the Debtor's Plan be denied for the aforementioned reasons stated herein;

2. In the alternative, Debtor amend the Plan to remedy the above referenced defects;

3. For reasonable attorneys' fees and costs; and

4. For such other and further relief as this Court deems just and proper under law and equity to which it shows itself justly entitled.

---

[1] U.S. Bank requests the Court to take judicial notice of the current prime interest rate of 7.50% as established by the Federal Reserve, whereby the various interest rates are disclosed on the Federal Reserve's official website located at https://www.federalreserve.gov/releases/h15/.

**U.S. BANK, NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE'S
OBJECTION TO DEBTORS' PLAN OF REORGANIZATION DATED JUNE 30, 2025**      PAGE 6

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P.
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
(817) 338-1616 Telephone
(817) 338-1610 Facsimile

/s/ *Jessica N. Alt*
Mark W. Stout
State Bar I.D. #24008096
mstout@padfieldstout.com
John T. Easter
State Bar I.D. #24106666
jeaster@padfieldstout.com
Jessica N. Alt
State Bar I.D. #24127981
jalt@padfieldstout.com

*Attorneys for U.S. Bank*

## CERTIFICATE OF SERVICE

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Friday, August 1, 2025; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| **Naturomulch, LLC**<br>PO Box 1902<br>Coppell, Texas 75019<br><br>*Debtor* | **Daniel C. Durand, III**<br>Durand & Associates, P.C.<br>522 Edmonds, Ste. 101<br>Lewisville, Texas 75067<br><br>*Attorney for Debtor* |
|---|---|
| **Scott Seidel**<br>Sub V Chapter Trustee<br>6505 West Park Boulevard, Ste. 306<br>Plano, Texas 75093<br><br>*SBRA V Trustee* | **U.S. Trustee**<br>Office of the U.S. Trustee<br>110 N. College Ave., Suite 300<br>Tyler, Texas 75702 |
| **John M. Vardeman**<br>Office of the U.S. Trustee<br>110 N. College Ave., Suite 300<br>Tyler, Texas 75702 | **All those receiving ECF notification in this case and on the attached list of the 20 largest unsecured creditors.** |

      /s/ *Jessica N. Alt*
      Jessica N. Alt

| | | |
|---|---|---|
| American Express<br>PO Box 6031<br>Carol Stream, IL 60197-6031 | Bank of America<br>PO Box 15796<br>Wilmington, DE 19886-5796 | Brdecka Holdings, LLC<br>116 NE 6th Street<br>Grand Prairie, TX 75050 |
| Kubota Credit Corporation<br>PO Box 894717<br>Los Angeles, CA 90189-4717 | Kubota Credit Corporation<br>PO Box 894717<br>Los Angeles, CA 90189-4717 | U.S. Bank Equipment Finance<br>60 Livingston Avenue<br>St. Paul, MN 55107 |
| U.S. Bank Equipment Finance<br>60 Livingston Avenue<br>St. Paul, MN 55107 | U.S. Small Business Administration<br>c/o El Paso Loan Servicing Office<br>10737 Gateway West # 300<br>El Paso, Texas 79998 | Western Equipment Finance<br>503 Hwy 2 W<br>PO Box 640<br>Devils Lake, ND 58301 |

Twenty Largest Unsecured Creditors
Case No. 25-40909